# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING Y. HUANG,<br><br>                  Plaintiff,<br>vs.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                  Defendant. | CASE NO. 16cv2966-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 20) issued by the United States Magistrate Judge, recommending that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 16) and grant Defendant's Cross-Motion for Summary Judgment (ECF No. 17).

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act alleging an onset date of January 28, 2014.

On March 24, 2016, the ALJ issued a decision denying Plaintiff's application for benefits and finding Plaintiff not disabled under the Social Security Act. The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2014. The ALJ found that Plaintiff has the following severe impairments: cervical and lumbar spine degenerative disc disease; degenerative joint disease; and de Quervains syndrome of the left wrist and hand. The ALJ found that Plaintiff did not have any impairment or combination of impairments that would meet or medically equal any

listed impairments. The ALJ found that Plaintiff was unable to perform any past relevant work but has the residual functional capacity to perform light work with specific limitations. The ALJ stated,

> In a medical source statement dated January 5, 2016, treating physician L. Stenzel, M.D. opined the claimant's impairments cause her to have to shift between positions, take unscheduled work breaks, would be off task 25% or more of the workday, and would have more than 4 work absences per month. . . . Little weight is given to Dr. Stenzel's opinions. The evidence showing improvement with cervical spine surgery, conservative treatment of the claimant's low back impairment, only mild degenerative findings or her left wrist, and the evidence showing little to no significant and persistent neurological deficits with good retained strength and mobility does not support her opinions and is more consistent with the retained capacity to perform and sustain up to a range of light exertion work as determined herein.

(ECF No. 14-2 at 19). The ALJ concluded that Plaintiff has the residual functional capacity and work skills from past relevant work to perform other occupations with jobs existing in significant numbers in the national economy.

After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of Defendant. Plaintiff timely filed a Complaint in this Court seeking judicial review of Defendant's decision.

On June 12, 2017, Plaintiff filed the Motion for Summary Judgment. (ECF No. 16). Plaintiff contends that the ALJ impermissibly rejected the opinion of the treating physician Dr. Stenzel, and that the ALJ erred in failing to include mild mental limitations in his hypothetical to the vocational expert.

On July 14, 2017, Defendant filed the Cross-Motion for Summary Judgment. (ECF No. 17). Defendant contends that the ALJ properly discounted the opinion of Dr. Stenzel setting forth valid reasons based on substantial evidence in the record. Defendant further asserts that the ALJ's hypothetical to the vocational expert properly excluded mild mental impairments.

On December 22, 2017, the Magistrate Judge issued the Report and Recommendation. (ECF No. 20). The Magistrate Judge found that the decision of the ALJ is supported by substantial evidence. The Magistrate Judge concluded that the ALJ set forth specific and legitimate reasons for discounting the opinions of Dr. Stenzel

1 regarding Plaintiff's capacity to perform work.  The Magistrate Judge concluded that the four specific reasons set forth by the ALJ were supported by substantial medical evidence in the record.  The Magistrate Judge concluded that Dr. Stenzel's opinion is inconsistent with the objective medical record.  The Magistrate Judge further concluded that the ALJ's residual functional capacity was based upon substantial evidence which included Plaintiff's mild mental limitations.

On January 8, 2017, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 21).  Plaintiff contends that the Magistrate Judge and the ALJ failed to properly credit the opinion of the treating physician Dr. Stenzel, and that the Magistrate Judge erred with respect to the presence of Plaintiff's mild mental impairment.

## RULING OF THE COURT

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

The Court has reviewed the Report and Recommendation de novo.  After considering the ALJ's decision, the Administrative Record, and all pleading in this case, the Court finds that the Magistrate Judge correctly evaluated the facts and correctly applied the controlling law in this case.  This Court concludes that the ALJ's decision is supported by substantial evidence and is free from legal error.

/ / /

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 20) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 17) is GRANTED. The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

DATED: January 19, 2018

**WILLIAM Q. HAYES**
United States District Judge